UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IAN DIOR MAYBERRY,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE COUNTY WASHINGTON,<br><br>Defendant. | Case No. 3:26-cv-05698-TMC<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS |

## I. INTRODUCTION AND BACKGROUND

Self-represented Plaintiff Ian Dior Mayberry brings claims under 42 U.S.C. § 1983 and other federal statutes, alleging that Defendant is deceptively and unlawfully garnishing his wages pursuant to a Pierce County child support order. Dkt. 1 ¶¶ 10–24. On September 25, 2025, Pierce County Court issued a child support order authorizing enforcement through wage garnishment. Dkt. 12 at 21–29.

On July 27, 2026, Pierce County moved to dismiss Mr. Mayberry's Complaint. Dkt. 9. For the following reasons, Defendant's motion is GRANTED. Because the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, the case is DISMISSED WITHOUT PREJUDICE.

## II. LEGAL STANDARD

A Rule 12(b)(1) motion seeks dismissal of a claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Such challenges may be either "facial" or "factual." "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* Where, as here, the Court responds to a facial attack, the Court will resolve the challenge "as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.*

## III. DISCUSSION

Defendant argues that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine. Dkt. 9 at 3–6. Under the doctrine set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), federal district courts, as courts of original jurisdiction, lack subject matter jurisdiction to review errors allegedly committed by state courts. *Rooker*, 263 U.S. at 416 ("The jurisdiction possessed by the District Courts is strictly original."); *Feldman*, 460 U.S. at 482 ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). The *Rooker-Feldman* doctrine precludes federal district courts from hearing direct or de facto appeals of the judgments of state courts. *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018); *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) ("The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto

equivalent' of such an appeal."). "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Cooper*, 704 F.3d at 777 (quoting *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)).

The Supreme Court has emphasized that the "ground occupied by *Rooker-Feldman*" is "narrow." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine does not apply to plaintiffs bringing independent claims that are "similar or even identical to issues aired in state court" but "not the subject of a previous judgment by the state court." *Cooper*, 704 F.3d at 778. However, the Court may not exercise jurisdiction where "the constitutional claims presented . . . are *inextricably intertwined* with the state court's [ruling]." *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022) (quoting *Cooper*, 704 F.3d at 778). "Claims are inextricably intertwined if 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Id.* at 624–25 (quoting *Cooper*, 704 F.3d at 779).

Although Mr. Mayberry frames his claims as a constitutional challenge to child support regulations and the administration of Title IV-D services, the substance of his complaint seeks relief from the child support order entered by the Pierce County Superior Court on September 25, 2025. Dkt. 1 ¶¶ 7–24; Dkt. 12 at 21. Plaintiff requests, among other relief, termination of Title IV-D services, elimination of child support arrears, and damages arising from his child support obligation. Dkt. 1 ¶ 26. Because granting this relief would require this Court to effectively reverse the state court's child support determination, Mr. Mayberry's claims constitute a de facto appeal barred by the *Rooker-Feldman* doctrine. *Cooper*, 704 F.3d at 777–79; *Hooper*, 56 F.4th at 624.

The *Rooker-Feldman* doctrine is narrow and does not bar independent claims merely because they concern issues previously litigated in state court. *Exxon Mobil Corp.*, 544 U.S. at 284, 293–94. It is "confined" to cases brought by the party who lost in state court, "inviting [the] district court [to] review and reject[]" the state court's judgement. *Id.* at 284; *Cooper*, 704 F.3d at 778–79. Here, Mr. Mayberry's claims seek relief from the state court's support determination, and they thus fall within that jurisdictional bar. Accordingly, the Court lacks subject matter jurisdiction over those claims and cannot reach their substantive merits.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Pierce County's motion to dismiss. Dkt. 9. The case is DISMISSED WITHOUT PREJUDICE. *See Cooper*, 704 F.3d at 777 ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.") (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)).

Dated this 23rd day of October, 2026.

Tiffany M. Cartwright
United States District Judge